IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JANAE'E E. WALTON,

      Plaintiff,

v.                                                                                    Case No. 2:23-cv-00434

JULIE A. PENCE, et al.,

      Defendants.

<u>**PROPOSED FINDINGS AND RECOMMENDATION**</u>

      This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 2). For the reasons set forth herein, the undersigned respectfully **RECOMMENDS** that Plaintiff's motion (ECF No. 3) be **DENIED**, and this case be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction pursuant to the '*Rooker-Feldman*' doctrine established by the U.S. Supreme Court in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)," or, alternatively, that this civil action be **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure due to Plaintiff's failure to prosecute.

I.     <u>**BACKGROUND**</u>

      Plaintiff Janae'e E. Walton ("Plaintiff") filed her letter-form Complaint in this civil action on June 13, 2023. (ECF No. 1). The substance of the Complaint is difficult to decipher, as Plaintiff intersperses the frivolous, nonsensical language rooted in sovereign-

citizen ideology[1] among her factual allegations. *See id*. It appears, however, that Plaintiff's minor child was the subject of what can broadly be characterized as a child-custody case in the Family Court of Kanawha County, West Virginia (the "State Family Court"), Civil Action No. 13-D-218 (the "child-custody matter"), during an unspecified time period, which resulted in an order removing the child from Plaintiff's custody. *See id*. Plaintiff brings suit against six individuals in this civil action, all relating to their respective roles in the underlying child-custody matter: (1) Julie A. Pence, Family Court Judge for the Eleventh Family Court Circuit of West Virginia, who presided over a portion of the child-custody matter; (2) Lera K. Vanmeter, Family Court Judge for the Eleventh Family Court Circuit of West Virginia, who presided over a portion of the child-custody matter; (3) Cathy S. Gatson, Kanawha County Court Clerk; (4) Barbara Utt, who served as the minor child's guardian *ad litem* in the child-custody matter; (5) Ahmari N. Smith, the minor child's father, who was an opposing party in the child-custody matter; and (6) J. Timothy DiPiero, who served as counsel for the minor child's father in the child-custody matter.

---

[1] Although Plaintiff does not expressly state she is a "sovereign citizen," her letter-form Complaint bears the hallmarks of the so-called sovereign citizen movement. For instance, Plaintiff affixes her fingerprint in ink near her signature, refers to herself as a "flesh and blood, soul possessing human being," describes her state of residence as the "West Virginia Republic" instead of the State of West Virginia, refers to a "Cestui Que Vie Trust," and attaches fictional liens and other legally-fictional documents to the Complaint. (ECF No. 1 at 1, 4; ECF No. 1-1). These indicia and the like, have all been identified by numerous federal courts as "hallmarks" of the meritless sovereign-citizen ideology frequently espoused by frivolous pro-se litigants. (ECF No. 1 at 1, 4). *See, e.g., White v. Lake Union Ga Partners LLC*, 1:23-cv-02852, 2023 WL 6036842, at *3 (N.D. Ga. July 14, 2023) ("Finally, [the plaintiff] references a string of other miscellaneous authorities, . . . [n]one of [which] provide him with a federal cause of action."); *Wood v. United States*, 161 Fed. Cl. 30, 34-35 (2022) (noting that "[s]overeign citizens also sometimes reference the Cestui Que Vie Act of 1666, or a 'cestui que vie' trust, as support for their arguments in court"); *Geiger v. Conroy*, 22-cv-2458, 2023 WL 2577233, at *1 n.1 (E.D. Pa. Mar. 20, 2023), appeal dismissed, 23-1752, 2023 WL 11134204 (3d Cir. Nov. 17, 2023) (self-identification as a "flesh-and-blood human being"); *Nation v. United States*, No. 21-1874, 2021 WL 6013559, at *2 n.1 (Fed. Cl. Oct. 22, 2021), *aff'd*, 22-1256, 2022 WL 1655693 (Fed. Cir. Feb. 23, 2022) (utilization of fingerprints in blue ink in or near the party's signature); *United States v. Amir*, 644 F. App'x 398, 399 (6th Cir. 2016) (describing the defendant's attempts "to argue that he is not a citizen of the United States, but a citizen of the Republic of Ohio"). Each of these hallmarks employed by the Plaintiff are "not based in law but in the fantasies of the sovereign citizen movement." *White*, 2023 WL 6036842, at *3.

(*See* ECF No. 1; ECF No. 1-1 at 56, 60). Plaintiff takes issue with myriad aspects of the proceedings in her suit against these Defendants, expressly seeking to override the State Family Court's ultimate custody determination. Specifically, she seeks "the return of my . . . child, [J.W.]." (*Id.* at 1; *see also id.* at 4 ("In resolution, I demand the IMMEDIATE return of my private property; [the minor child] J . . . W")). Plaintiff also seeks, *inter alia*, monetary damages in the amount of $150 million for "financial losses and many years of pain and suffering due to" the custody determination. *Id.* at 3-4.

At the time she filed her Complaint, Plaintiff did not pay the requisite filing fee and did not seek to proceed *in forma pauperis*. On September 10, 2024, the undersigned entered an *Order to Show Cause* requiring that Plaintiff "either (A) pay the applicable filing fee, in full, to the Clerk of the U.S. District Court for the Southern District of West Virginia; or (B) complete and file an Application to Proceed Without Prepayment of Fees and Costs[.]" (ECF No. 3 at 2). Additionally, Plaintiff was ordered to "file a Response to this Order and therein show cause why this matter should not be dismissed for lack of subject-matter jurisdiction . . . pursuant to the '*Rooker-Feldman'* doctrine established by the U.S. Supreme Court in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)," because "this case appears to be the functional equivalent of an appeal by Plaintiff from an unfavorable state-court judgment and associated child-custody and support determinations by the state family court[.]" *Id.* at 1-2.

The *Order to Show Cause* required Plaintiff to comply with these directives by no later than October 9, 2024. *Id.* Plaintiff was expressly notified therein in bold and underlined font "that failure to comply with one or more of the directives of the instant order WILL result in the undersigned's recommendation to the presiding District Judge that this matter be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil

Procedure." *Id.* The Clerk of Court was directed to mail a copy of the *Order to Show Cause* to Plaintiff at her address of record. *Id.* at 3. There is no indication on the record that the mail was returned undelivered.

Plaintiff did not comply with the Court's *Order to Show Cause* within the time provided therein. To date, Plaintiff has not paid the filing fee and she has not applied to proceed *in forma pauperis.* Ultimately, she did not otherwise respond to the Court's directives at all. In fact, the record shows that Plaintiff has not taken any action in the instant matter since she initially filed her Complaint more than one year ago on June 13, 2023. (ECF No. 1).

## II.    **DISCUSSION**

Dismissal of this civil action is proper because this Court lacks subject-matter jurisdiction over what is essentially a request for appellate review of the State Family Court's final order. Alternatively, dismissal is proper because Plaintiff has failed to prosecute her claim despite being expressly warned that such inaction would result in the undersigned's recommendation that this matter be dismissed.

### A.        **Subject-Matter Jurisdiction**

Simply put, the Court lacks jurisdiction to adjudicate this matter pursuant to the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005). In *Exxon Mobile*, the Supreme Court clarified that the test for determining whether a federal district court lacks jurisdiction over a civil case pursuant to the Rooker-Feldman doctrine has four elements. *See id.* In basic terms, the Supreme Court held that a case may not proceed on a complaint if it is (1) brought by a plaintiff who lost in a state-court proceeding; (2) the plaintiff is complaining of injuries

4

that were caused by the judgments of a state court in the state-court proceeding; (3) the state-court's judgments were "rendered," or entered, by the state court before the plaintiff filed his or her complaint in the federal district court; and (4) the plaintiff's complaint invites the federal district court to review the state-court's judgments and to reject them. *Exxon*, 544 U.S. at 284 (finding that Rooker-Feldman is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments"). *See also Lance v. Dennis*, 546 U.S. 459, 460 (2006) (per curiam); *Skinner v. Switzer*, 562 U.S. 521, 532 (2011).

The circumstances presented in Plaintiff's Complaint precisely correspond to the circumstances enumerated in *Exxon Mobil*. First, Plaintiff is a "state court loser," because she lost custody of her minor child in the child-custody matter. Second, Plaintiff is expressly complaining of an injury—her loss of child custody—that was directly caused by the judgment of the State Family Court in the child-custody proceeding, which revoked her custody over her child. Third, it is clear from the Complaint that the State Family Court made the custody determination prior to the Plaintiff's filing of the Complaint on June 13, 2023. Fourth and finally, the Plaintiff's Complaint *expressly* invites this Court to review and reject the State Family Court's judgment, and to reverse it by ordering that the minor child be returned to Plaintiff's custody.

### B. Failure to Prosecute

Furthermore, even if the *Rooker-Feldman* doctrine is inapplicable and the Court does have subject-matter jurisdiction, the Complaint should be dismissed because Plaintiff has failed to prosecute her claims despite being warned of the consequences of such inaction. The Federal Rules of Civil Procedure expressly authorize dismissal of an

action when "the plaintiff fails to prosecute or to comply with the[ ] rules or a court order[.]" Fed. R. Civ. P. 41(b). Although Rule 41(b) does not expressly provide for *sua sponte* dismissal, it is well-established that "a district court has the inherent power to dismiss a case for lack of prosecution or violation of a court order . . . whether or not a defendant makes a motion requesting that such action be taken." *Ramsey v. Rubenstein*, 2:14-CV-03434, 2016 WL 5109162, at *2 (S.D. W. Va. Sept. 19, 2016) (citations omitted). "[B]uild[ing] upon a federal court's well-established inherent authority, of ancient origin, to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts," the dismissal authority conferred by Rule 41(b) "recognizes the foundational principle that courts must have the authority to control litigation before them," and to protect the orderly administration of the docket. *Id.*

In considering whether to dismiss an action *sua sponte* for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, the Court must look to the following four factors: (1) plaintiffs' degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Ramsey*, 2016 WL 5109162, at *2 (citing *Hillig v. Comm'r of Internal Revenue*, 916 F.2d 171, 174 (4th Cir. 1990)) [hereinafter the "*Hillig* factors"]. The *Hillig* factors "are not meant to be applied as a rigid, formulaic test, but rather serve to assist the Court, along with the particular circumstances of each case, in determining whether or not dismissal is appropriate." *Ramsey*, 2016 WL 5109162, at *2 (citing *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1991)). Although dismissal with prejudice is a harsh sanction which should not be invoked lightly, the ultimate dismissal decision is left to the discretion of the trial court. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978);

*Timmons v. United States*, 194 F.2d 357, 359 (4th Cir. 1952). Importantly, the Fourth Circuit explained that "the district court should dismiss the case" when a plaintiff "has ignored an express warning that noncompliance with a court order will result in dismissal." *Douglas v. Heater*, 2:20-cv-00856, 2021 WL 784806, at *2 (S.D.W. Va. Mar. 1, 2021) (citing *Bey ex rel. Graves v. Virginia*, 546 F. App'x 228, 229 (4th Cir. 2013) (per curiam) [hereinafter *Graves*]).

Based upon the particular circumstances of this case, the undersigned **FINDS** that the four *Hillig* factors, on balance, strongly support dismissal with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The first factor—the degree of personal responsibility—weighs in favor of dismissal. The lack of forward progress in this matter is attributable solely to the Plaintiff's own conduct, because the Defendants have not been served with process and thus have not made an appearance in this matter. Moreover, by ordering Plaintiff to either pay the applicable filing fee or move to proceed *in forma pauperis* on or before October 9, 2024, the undersigned's September 10, 2024 *Order to Show Cause* expressly placed responsibility for moving the case forward in the Plaintiff's hands. Her failure to comply—along with her failure to seek relief from the Court's directive, or to otherwise communicate any intent to further prosecute this matter— renders Plaintiff personally responsible for the lack of forward progress in this matter. See Favors v. Hickey, 1:05-cv-0697, 2006 WL 1644180, at *2 (S.D.W. Va. June 12, 2006) (finding plaintiff's inaction to be the sole cause of four-month delay in proceedings, weighing in favor of dismissal under the first *Hillig* factor).

The second *Hillig* factor—the amount of prejudice caused to the defendant—is not present in this case because, as stated above, Defendants have not been required to make an appearance at this stage of the proceedings as they have not been served with process

under Rule 4 of the Federal Rules of Civil Procedure. This factor thus weighs against dismissal.

The third factor—a drawn-out history of deliberately proceeding in a dilatory fashion—does favor dismissal, for the same reasons set forth *supra* with respect to the first *Hillig* factor. Plaintiff ignored the undersigned's October 9, 2024 deadline, failed to request an extension of time to do so, and failed to otherwise seek relief from the requirements of the undersigned's *Order to Show Cause* or to contact the Court in any manner. Indeed, Plaintiff has taken no steps whatsoever to advance her case since she filed her letter-form Complaint on June 13, 2023—more than a year ago.

The fourth and last *Hillig* factor—the effectiveness of sanctions less drastic than dismissal—also weighs in favor of dismissal, because Plaintiff has already chosen to ignore the express warning in the undersigned's *Order to Show Cause* that her failure to comply "**WILL result in the undersigned's recommendation to the presiding District Judge that this matter be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure**." (ECF No. 3 at 2). Consequently, just as the Fourth Circuit found in *Graves*, cited *supra*, this civil action should likewise be dismissed because Plaintiff "ignored an express warning that noncompliance with a court order will result in dismissal." *Graves*, 546 F. App'x at 229. *See also Douglas*, 2021 WL 784806, at *2 ("Where a litigant has ignored an express warning that noncompliance with a court order will result in dismissal, the district court should dismiss the case."). Furthermore, the fourth *Hillig* factor particularly weighs in favor of dismissal because Plaintiff has not attempted to rectify or otherwise explain her noncompliance in the weeks following the October 9, 2024 deadline to show cause. Particularly when there is nothing in the record as it currently stands which would lead the Court to conclude that Plaintiff did not receive

service of the undersigned's *Order to Show Cause* by U.S. Mail, the undersigned **FINDS** that the record indicates Plaintiff has ignored an express warning that her noncompliance would result in dismissal.

Finally, Plaintiff's pro-se status in this matter does not exempt her from the obligation to comply with the directives of the Court, or with the resultant consequences for failure to meet that obligation. *See Short v. Colvin*, 5:10-cv-01078, 2013 WL 6388724, at *2 (S.D. W. Va. Dec. 6, 2013) (explaining propriety of dismissal despite plaintiff's pro-se status). In addition to the express notice afforded to Plaintiff in this matter that her failure to comply with the undersigned's Order would result in the recommendation of dismissal, the Court's operative Pro Se Handbook—which is publicly available on the Court's website—also explains to pro-se litigants that "[i]f you decide to proceed pro se, you will be responsible for learning about and following all the procedures that govern the court process . . . [and] for becoming familiar with and following the Court's local rules and procedures." *Id.* at §§ 2.3, 4. The Handbook also expressly notifies pro se parties that "[t]he Court may penalize a party or attorney for failing to comply with a law, rule or order at any point while a lawsuit is pending . . . and pro se litigants are subject to the same sanctions as licensed attorneys." *Id.* Absent any indication in the record that Plaintiff is "any . . . less legally sophisticated than any other non-lawyer," her pro-se status does not afford her a "free pass" to ignore Court orders. *Givens v. Criswell*, 5:08-cv-25, 2010 WL 10862445, at *2 (N.D. W. Va. June 24, 2010).

Accordingly, based upon the foregoing, the undersigned respectfully **RECOMMENDS** that this matter be dismissed with prejudice, to the extent that the presiding District Judge should find that this Court may properly exercise subject-matter jurisdiction over the instant action.

### III.   **RECOMMENDATION**

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that this civil action be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction. Alternatively, to the extent that the presiding District Judge should find that this Court may properly exercise subject-matter jurisdiction over the instant action, the undersigned respectfully **RECOMMENDS** that this civil action be **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of the filing of this Proposed Findings and Recommendation to file with the Clerk of this Court specific written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection; further, pursuant to Rule 6(d), Plaintiff shall have an additional three (3) days after this fourteen-day period because service is made via U.S. Mail. Extension of this time period may be granted by the presiding District Judge for good cause shown. A copy of any objections shall be provided to Judge Copenhaver, and to each opposing party— except that, if any opposing party is represented by counsel, that party's copy should be provided to his or her counsel.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Fourth Circuit Court of Appeals. 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 155 (1985);

*Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

The Clerk is **DIRECTED** to file this Proposed Findings and Recommendation, and to transmit a copy to the District Judge, counsel of record, and any unrepresented party.

ENTERED:   November 1, 2024

Dwane L. Tinsley
United States Magistrate Judge