UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**JANAE'E E. WALTON,**

    **Plaintiff,**

**v.**                                         **Case No. 2:23-cv-00434**

**JULIE A. PENCE, et al.,**

    **Defendants.**

<u>MEMORANDUM OPINION AND ORDER</u>

Pending is plaintiff Janae'e E. Walton's letter-form Complaint (<u>see</u> Compl., ECF 1) filed June 13, 2023. Plaintiff seeks to override the State Family Court's ultimate custody determination and seeks monetary damages in the amount of $150 million. This proceeding was referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission of proposed findings and recommendations ("PF&R"). Judge Tinsley filed a PF&R (ECF 4) on November 1, 2024, finding lack of subject matter jurisdiction, and recommending that this action be dismissed, to which no objections were filed.

Judge Tinsley entered an order to show cause on September 10, 2024, instructing plaintiff to either pay the applicable filing fee for this matter or to file a completed application to proceed

without prepayment of fees and costs.  <u>See</u> Order to Show Cause, ECF 3.  The order also instructed plaintiff to respond and therein show cause why this matter should not be dismissed for lack of subject matter jurisdiction.  <u>Id.</u>  Plaintiff was directly notified "that failure to comply with one or more of the directives of the instant order WILL result in the undersigned's recommendation" that the matter be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  <u>Id.</u>  Plaintiff did not comply with the court's order to show cause within the time provided therein.  Ultimately, the record shows that Plaintiff has not taken any action in this matter since her initial filing on June 13, 2023.

Plaintiff filed the complaint in this action seeking the court's review of a judgment from the Family Court of Kanawha County, West Virginia, which resulted in removal of plaintiff's child from her custody.  PF&R at 2.  Plaintiff brings suit against six individuals in relation to their respective roles in the custody matter: 1) Julie A. Pence, Family Court Judge for the Eleventh Family Court Circuit of West Virginia; 2) Lera K. Vanmeter, Family Court Judge for the Eleventh Family Court Circuit of West Virginia; 3) Caty S. Gatson, Kanawha County Court Clerk; 4) Barbara Utt, the minor child's guardian *ad litem;* 5) Ahmari N. Smith, the minor child's father; and 6) J. Timothy DiPiero, counsel for the minor child's father.  PF&R at 2.  Specifically, plaintiff

seeks 1) the "return of my . . . child, [J.W]" and 2) monetary damages in the amount of $150 million for the years of pain and suffering and financial losses due to the custody determination. PF&R at 3.

Judge Tinsley <u>sua sponte</u> determined that the court lacks jurisdiction over a final judgment of a State Family Court. PF&R at 4-5. To reach this determination, Judge Tinsley assessed plaintiff's claims under the "Rooker-Feldman doctrine" and concluded that plaintiff's claims satisfied each of the four Rooker-Feldman factors, and as a result, the court lacks jurisdiction to adjudicate this matter. <u>See id.</u> (citing <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983)). Thus, Judge Tinsley recommends that the complaint be dismissed without prejudice. PF&R at 5.

In the alternative, Judge Tinsley notes that even if the court had subject matter jurisdiction, the complaint should be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as the plaintiff has failed to prosecute her claims. PF&R at 5-6. In considering whether to dismiss the action <u>sua sponte</u> for failure to prosecute, Judge Tinsley assessed the particular circumstances of this matter under the "*Hillig* factors." <u>See id.</u> (citing Hillig v. Comm'r of Internal Revenue, 916 F.2d 171, 174 (4th Cir. 1990)). In his decision to dismiss,

Judge Tinsley ultimately found that the four *Hilling* factors strongly weigh in favor of dismissal. PF&R at 7. Thus, Judge Tinsley recommends that the complaint be dismissed with prejudice, to the extent that the court finds it may properly exercise subject matter jurisdiction. PF&R at 9.

The court need not review, under de novo or any other standard the factual or legal conclusions of the magistrate judge as to those portions of the findings and recommendations to which no objection has been raised. See Thomas v. Arn, 474 U.S. 140 (1985); see also 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report of specified proposed findings or recommendations to which objection is made.") (emphasis added). Failure to timely file objections constitutes a waiver of de novo review and the plaintiff's right to appeal the order of the court. See 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989). Objections in this case having been due on November 18, 2024, and none having been filed, this matter may be duly adjudicated.

Accordingly, it is ORDERED that:

1. The findings and recommendations made in the magistrate judge's Proposed Findings and Recommendations be, and hereby are, ADOPTED by the court and incorporated herein;

2. The court is without subject matter jurisdiction in this case; and

3. This action be, and it hereby is, DISMISSED without prejudice from the docket of this court.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record, any unrepresented parties, and the United States Magistrate Judge.

ENTER: November 21, 2024

John T. Copenhaver, Jr.
Senior United States District Judge

5